1  John E. Latin, IV, Bar No. 167876
   Christopher J. Boman, Bar No. 198798
2  **FISHER & PHILLIPS LLP**
   18400 Von Karman Avenue, Suite 400
3  Irvine, California 92612
   Telephone: (949) 851-2424/ Facsimile: (949) 851-0152
4

5  Attorneys for Defendant, Airborne Express, Inc. And DHL Express (USA) Inc.

6  Susan H. Roos, Bar No. 107278
   Abigail K. Horrigan, Bar No. 216866
7  COOK & ROOS, LLP
   221 Main Street, Suite 1600
8  San Francisco, CA 94105
   Telephone: (415) 362-7071/Facsimile: (415) 362-7073
9

10 Attorneys for Defendant, Service America Courier Corporation

11 Jose R. Garay, Bar No. 200494
   Jose Garay, APLC
12 2030 Main Street, Thirteenth Floor
   Irvine, CA 92614
13 Telephone: (949) 260-9193/Facsimile: (949) 260-9194

14
   Attorneys for Plaintiff
15

16 Roger R. Carter, Bar No. 140196
   THE CARTER LAW FIRM
17 2030 Main Street, Thirteenth Floor
   Irvine, CA 92614
   Telephone: (949) 260-4737/Facsimile: (949) 260-4754
18

19 Attorneys for Plaintiff

   UNITED STATES DISTRICT COURT

20 NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

21 JUVENAL RIOS, on behalf of himself and all       Case No. CV 05-02203 VRW
   others similarly situated, and on behalf of the
22 general public,                                   Class Action Complaint

23              Plaintiffs,                          STIPULATED PROTECTIVE ORDER

24      vs.

25
   AIRBORNE EXPRESS, INC., a Delaware
26 corporation; SERVICE AMERICA COURIER
   CORP., a Florida corporation; and DOES 1 through
27 500, Inclusive,

28              Defendants.
                                                     1

1        1. <u>PURPOSES AND LIMITATIONS</u>

2        Disclosure and discovery activity in this action are likely to involve production of

3    confidential, proprietary, or private information for which special protection from public

4    disclosure and from use for any purpose other than prosecuting this litigation would be

5    warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the

6    following Stipulated Protective Order. The parties acknowledge that this Order does not confer

7    blanket protections on all disclosures or responses to discovery and that the protection it affords

8    extends only to the limited information or items that are entitled under the applicable legal

9    principles to treatment as confidential. The parties further acknowledge, as set forth in Section

10   10, below, that this Stipulated Protective Order creates no entitlement to file confidential

11   information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed

12   and reflects the standards that will be applied when a party seeks permission from the court to

13   file material under seal.

14

15       2. <u>DEFINITIONS</u>

16       2.1. <u>Party</u>: any party to this action, including plaintiff and all other putative class

17   members, defendants and all of their officers, directors, employees, consultants, retained experts,

18   and outside counsel (and their support staff).

19       2.2. <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium

20   or manner generated, stored, or maintained (including, among other things, testimony,

21   transcripts, or tangible things) that are produced or generated in disclosures or responses to

22   discovery in this matter.

23       2.3. <u>"Confidential" Information or Items</u>: information (regardless of how generated,

24   stored or maintained) or tangible things that qualify for protection under standards developed

25   under F.R.Civ.P. 26(c).

26       2.4. <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>: extremely

27   sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty

28

2

Case No.:
CV 05-02203                STIPULATED PROTECTIVE ORDER

1 would create a substantial risk of serious injury that could not be avoided by less restrictive

2 means.

3     2.5. Receiving Party: a Party that receives Disclosure or Discovery Material from a

4 Producing Party.

5     2.6. Producing Party: a Party or non-party that produces Disclosure or Discovery Material

6 in this action.

7     2.7. Designating Party: a Party or non-party that designates information or items that it

8 produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential—

9 Attorneys' Eyes Only."

10     2.8. Protected Material: any Disclosure or Discovery Material that is designated as

11 "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

12     2.9. Outside Counsel: attorneys who are not employees of a Party but who are retained to

13 represent or advise a Party in this action.

14     2.10. House Counsel: attorneys who are employees of a Party.

15     2.11. Counsel (without qualifier): Outside Counsel and House Counsel (as well as their

16 support staffs).

17     2.12. Expert: a person with specialized knowledge or experience in a matter pertinent to

18 the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a

19 consultant in this action and who is not a past or a current employee of a Party or of a competitor

20 of a Party's and who, at the time of retention, is not anticipated to become an employee of a

21 Party or a competitor of a Party's. This definition includes a professional jury or trial consultant

22 retained in connection with this litigation.

23     2.13. Professional Vendors: persons or entities that provide litigation support services

24 (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing,

25 storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

26

27     3. SCOPE

28

3

1    The protections conferred by this Stipulation and Order cover not only Protected Material

2    (as defined above), but also any information copied or extracted therefrom, as well as all copies,

3    excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by

4    parties or counsel to or in court or in other settings that might reveal Protected Material.

5

6    ## 4. DURATION

7    Even after the termination of this litigation, the confidentiality obligations imposed by

8    this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

9    order otherwise directs.

10

11   ## 5. DESIGNATING PROTECTED MATERIAL

12   5.1. Exercise of Restraint and Care in Designating Material for Protection. Each Party or

13   non-party that designates information or items for protection under this Order must take care to

14   limit any such designation to specific material that qualifies under the appropriate standards. A

15   Designating Party must take care to designate for protection only those parts of material,

16   documents, items, or oral or written communications that qualify – so that other portions of the

17   material, documents, items, or communications for which protection is not warranted are not

18   swept unjustifiably within the ambit of this Order.

19   Mass, indiscriminate, or routinized designations are prohibited. Designations that are

20   shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to

21   unnecessarily encumber or retard the case development process, or to impose unnecessary

22   expenses and burdens on other parties), expose the Designating Party to sanctions.

23   If it comes to a Party's or a non-party's attention that information or items that it

24   designated for protection do not qualify for protection at all, or do not qualify for the level of

25   protection initially asserted, that Party or non-party must promptly notify all other parties that it

26   is withdrawing the mistaken designation.

27   This Order shall not restrict any Party's ability to use or disclose public information

28   obtained from any non-party and/or compiled from independent sources.

4

1      5.2. <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order

2      (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,

3      material that qualifies for protection under this Order must be clearly so designated before the

4      material is disclosed or produced.

5           Designation in conformity with this Order requires:

6           (a) <u>for information in documentary form</u> (apart from transcripts of depositions or other

7      pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or

8      "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top of each page that

9      contains protected material. If only a portion or portions of the material on a page qualifies for

10      protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by

11      making appropriate markings in the margins) and must specify, for each portion, the level of

12      protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

13      ATTORNEYS' EYES ONLY").

14           A Party or non-party that makes original documents or materials available for inspection

15      need not designate them for protection until after the inspecting Party has indicated which

16      material it would like copied and produced. During the inspection and before the designation, all

17      of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

18      ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants

19      copied and produced, the Producing Party must determine which documents, or portions thereof,

20      qualify for protection under this Order, then, before producing the specified documents, the

21      Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY

22      CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top of each page that contains

23      Protected Material. If only a portion or portions of the material on a page qualifies for protection,

24      the Producing Party also must clearly identify the protected portion(s) (e.g., by making

25      appropriate markings in the margins) and must specify, for each portion, the level of protection

26      being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

27      EYES ONLY").

28

Case No.:
CV 05-02203
STIPULATED PROTECTIVE ORDER

1      (b) for testimony given in deposition or in other pretrial or trial proceedings, that the

2  Party or non-party offering or sponsoring the testimony identify on the record, before the close of

3  the deposition, hearing, or other proceeding, all protected testimony, and further specify any

4  portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

5  ONLY." When it is impractical to identify separately each portion of testimony that is entitled to

6  protection, and when it appears that substantial portions of the testimony may qualify for

7  protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the

8  record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify

9  the specific portions of the testimony as to which protection is sought and to specify the level of

10  protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

11  ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately

12  designated for protection within the 20 days shall be covered by the provisions of this Stipulated

13  Protective Order.

14      Transcript pages containing Protected Material must be separately bound by the court

15  reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or

16  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or

17  nonparty offering or sponsoring the witness or presenting the testimony.

18      (c) for information produced in some form other than documentary, and for any other

19  tangible items, that the Producing Party affix in a prominent place on the exterior of the

20  container or containers in which the information or item is stored the legend "CONFIDENTIAL"

21  or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the

22  information or item warrant protection, the Producing Party, to the extent practicable, shall

23  identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly

24  Confidential – Attorneys' Eyes Only."

25      5.3. Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

26  designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys'

27  Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection

28  under this Order for such material. If material is appropriately designated as "Confidential" or

6

1   "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the

2   Receiving Party, on timely notification of the designation, must make reasonable efforts to

3   assure that the material is treated in accordance with the provisions of this Order.

4                    6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

5            6.1. Timing of Challenges. Unless a prompt challenge to a Designating Party's

6   confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

7   economic burdens, or a later significant disruption or delay of the litigation, a Party does not

8   waive its right to challenge a confidentiality designation by electing not to mount a challenge

9   promptly after the original designation is disclosed.

10           6.2. Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's

11  confidentiality designation must do so in good faith and must begin the process by conferring

12  directly (in voice to voice dialogue; other forms of communication are not sufficient) with

13  counsel for the Designating Party. In conferring, the challenging Party must explain the basis for

14  its belief that the confidentiality designation was not proper and must give the Designating Party

15  an opportunity to review the designated material, to reconsider the circumstances, and, if no

16  change in designation is offered, to explain the basis for the chosen designation. A challenging

17  Party may proceed to the next stage of the challenge process only if it has engaged in this meet

18  and confer process first.

19           6.3. Judicial Intervention. A Party that elects to press a challenge to a confidentiality

20  designation after considering the justification offered by the Designating Party may seek leave

21  per Hon. Chief Judge Vaughn R. Walker's Standing Order 1.5 before filing and serving a motion

22  under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that

23  identifies the challenged material and sets forth in detail the basis for the challenge. Each such

24  motion must be accompanied by a competent declaration that affirms that the movant has

25  complied with the meet and confer requirements imposed in the preceding paragraph and that

26  sets forth with specificity the justification for the confidentiality designation that was given by

27  the Designating Party in the meet and confer dialogue.

28

Case No.:
CV 05-02203                    STIPULATED PROTECTIVE ORDER

1    The burden of persuasion in any such challenge proceeding shall be on the Designating
2    Party. Until the court rules on the challenge, all parties shall continue to afford the material in
3    question the level of protection to which it is entitled under the Producing Party's designation.

4            7. ACCESS TO AND USE OF PROTECTED MATERIAL

5            7.1. Basic Principles. A Receiving Party may use Protected Material that is disclosed or
6    produced by another Party or by a non-party in connection with this case only for prosecuting,
7    defending, or attempting to settle this litigation. Such Protected Material may be disclosed only
8    to the categories of persons and under the conditions described in this Order. When the litigation
9    has been terminated, a Receiving Party must comply with the provisions of section 11, below
10   (FINAL DISPOSITION).

11           Protected Material must be stored and maintained by a Receiving Party at a location and
12   in a secure manner that ensures that access is limited to the persons authorized under this Order.

13           7.2. Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered
14   by the court or permitted in writing by the Designating Party, a Receiving Party may disclose
15   any information or item designated CONFIDENTIAL only to:

16           (a) the Receiving Party's Outside Counsel of record in this action, as well as employees
17   of said Counsel to whom it is reasonably necessary to disclose the information for this litigation
18   and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as
19   Exhibit A;

20           (b) the officers, directors, and employees (including House Counsel) of the Receiving
21   Party to whom disclosure is reasonably necessary for this litigation and who have signed the
22   "Agreement to Be Bound by Protective Order" (Exhibit A);

23           (c) experts (as defined in this Order) of the Receiving Party to whom disclosure is
24   reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by
25   Protective Order" (Exhibit A);

26           (d) the Court and its personnel;

27

28

Case No.:
CV 05-02203          STIPULATED PROTECTIVE ORDER

1    (e) court reporters, their staffs, and professional vendors to whom disclosure is
2 reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by
3 Protective Order" (Exhibit A);

4    (f) during their depositions, witnesses in the action to whom disclosure is reasonably
5 necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).
6 Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected
7 Material must be separately bound by the court reporter and may not be disclosed to anyone
8 except as permitted under this Stipulated Protective Order.

9    (g) the author of the document or the original source of the information.

10    7.3. Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"
11 Information or Items. Unless otherwise ordered by the court or permitted in writing by the
12 Designating Party, a Receiving Party may disclose any information or item designated
13 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

14    (a) the Receiving Party's Outside Counsel of record in this action, as well as employees
15 of said Counsel to whom it is reasonably necessary to disclose the information for this litigation
16 and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as
17 Exhibit A;

18    (b) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for
19 this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order"
20    (Exhibit A);

21    (c) the Court and its personnel;

22    (d) court reporters, their staffs, and professional vendors to whom disclosure is
23 reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by
24 Protective Order" (Exhibit A); and

25    (e) the author of the document or the original source of the information.

26    8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN
27 OTHER LITIGATION.

28

9

Case No.:       STIPULATED PROTECTIVE ORDER
CV 05-02203

1    If a Receiving Party is served with a subpoena or an order issued in other litigation that
2  would compel disclosure of any information or items designated in this action as
3  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the
4  Receiving Party must so notify the Designating Party, in writing (by fax, if possible)
5  immediately and in no event more than three court days after receiving the subpoena or order.
6  Such notification must include a copy of the subpoena or court order.

7    The Receiving Party also must immediately inform in writing the Party who caused the
8  subpoena or order to issue in the other litigation that some or all the material covered by the
9  subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must
10  deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that
11  caused the subpoena or order to issue.

12    The purpose of imposing these duties is to alert the interested parties to the existence of
13  this Protective Order and to afford the Designating Party in this case an opportunity to try to
14  protect its confidentiality interests in the court from which the subpoena or order issued. The
15  Designating Party shall bear the burdens and the expenses of seeking protection in that court of
16  its confidential material – and nothing in these provisions should be construed as authorizing or
17  encouraging a Receiving Party in this action to disobey a lawful directive from another court.

18

19    9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

20    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected
21  Material to any person or in any circumstance not authorized under this Stipulated Protective
22  Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the
23  unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material,
24  (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of
25  this Order, and (d) request such person or persons to execute the "Acknowledgment and
26  Agreement to Be Bound" that is attached hereto as Exhibit A.

27

28

10

1      10. FILING PROTECTED MATERIAL. Without written permission from the

2 Designating Party or a court order secured after appropriate notice to all interested persons, a

3 Party may not file in the public record in this action any Protected Material. A Party that seeks to

4 file under seal any Protected Material must comply with Civil Local Rule 79-5.

5

6      11. FINAL DISPOSITION. Unless otherwise ordered or agreed in writing by the

7 Producing Party, within sixty days after the final termination of this action, each Receiving Party

8 must return all Protected Material to the Producing Party. As used in this subdivision, "all

9 Protected Material" includes all copies, abstracts, compilations, summaries or any other form of

10 reproducing or capturing any of the Protected Material. With permission in writing from the

11 Designating Party, the Receiving Party may destroy some or all of the Protected Material instead

12 of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must

13 submit a written certification to the Producing Party (and, if not the same person or entity, to the

14 Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all

15 the Protected Material that was returned or destroyed and that affirms that the Receiving Party

16 has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or

17 capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to

18 retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda,

19 correspondence or attorney work product, even if such materials contain Protected Material. Any

20 such archival copies that contain or constitute Protected Material remain subject to this

21 Protective Order as set forth in Section 4 (DURATION), above.

22

23      12. MISCELLANEOUS

24      12.1. Right to Further Relief. Nothing in this Order abridges the right of any person to

25 seek its modification by the Court in the future.

26      12.2. Right to Assert Other Objections. By stipulating to the entry of this Protective

27 Order no Party waives any right it otherwise would have to object to disclosing or producing any

28 information or item on any ground not addressed in this Stipulated Protective Order. Similarly,

11

Case No.: 
CV 05-02203          STIPULATED PROTECTIVE ORDER

1  no Party waives any right to object on any ground to use in evidence of any of the material

2  covered by this Protective Order.

3       IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

4

5                            **JOSE GARAY, *APLC***

6                            **THE CARTER FIRM**

7                            **LAW OFFICES OF HECTOR R.**

8                            **MARTINEZ**

9

10  DATED: _____June 28, 2006_____

11                            Attorneys for Plaintiff Rios

12

13                            **COOK & ROOS, LLP**

14

15  DATED: _____

16                            Attorneys for Defendant

17                            Service America Courier Corp.

18                            **FISHER & PHILLIPS LLP**

19

20  DATED: _____June 28, 2006_____

21                            Attorneys for Defendant

22                            Airborne Express, Inc. and

23                            DHL Express (USA) Inc.

24       PURSUANT TO STIPULATION, IT IS SO ORDERED.

25

26  DATED:  July 6, 2006

27                            Hon. Chief Judge Vaughn R. Walker

28                            United States District Judge

Case No.:
CV 05-02203
STIPULATED PROTECTIVE ORDER

1  | no Party waives any right to object on any ground to use in evidence of any of the material
2  | covered by this Protective Order.
3  |      IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.
4  |
5  |           **JOSE GARAY, *APLC***
6  |           **THE CARTER FIRM**
7  |           **LAW OFFICES OF HECTOR R.**
8  |           **MARTINEZ**
9  |
10 | DATED: _____   _____
11 |           Attorneys for Plaintiff Rios
12 |
13 |           **COOK & ROOS, LLP**
14 |
15 | DATED: _June 28, 2006_   _Abigail K. Houge_
16 |           Attorneys for Defendant
17 |           Service America Courier Corp.
18 |           **FISHER & PHILLIPS LLP**
19 |
20 | DATED: _____   _____
21 |           Attorneys for Defendant
22 |           Airborne Express, Inc. and
23 |           DHL Express (USA) Inc.
24 | PURSUANT TO STIPULATION, IT IS SO ORDERED.
25 |
26 | DATED: _____   _____
27 |           Hon. Chief Judge Vaughn R. Walker
28 |           United States District Judge

12

1

**EXHIBIT A**

2

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3

4          I, _____ [print or type full name], of _____

5 [print or type full address], declare under penalty of perjury that I have read in its entirety and

6 understand the Stipulated Protective Order that was issued by the United States District Court for

7 the Northern District of California on [date] in the case of _____ [insert formal name of

8 the case and the number and initials assigned to it by the court]. I agree to comply with and to be

9 bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that

10 failure to so comply could expose me to sanctions and punishment in the nature of contempt. I

11 solemnly promise that I will not disclose in any manner any information or item that is subject to

12 this Stipulated Protective Order to any person or entity except in strict compliance with the

13 provisions of this Order.

14          I further agree to submit to the jurisdiction of the United States District Court for the

15 Northern

16          District of California for the purpose of enforcing the terms of this Stipulated Protective

17 Order, even if such enforcement proceedings occur after termination of this action.

18          I hereby appoint _____ [print or type full name] of

19 _____ [print or type full address and telephone

20 number] as my California agent for service of process in connection with this action or any

21 proceedings related to enforcement of this Stipulated Protective Order.

22

23 Date: _____

24 City and State where sworn and signed: _____

25 Printed name: _____

26                    [printed name]

27 Signature: _____

28                    [signature]

Case No.:        ATTACHMENT A
CV 05-02203